UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THOMAS L. ROBINSON, | ) | CASE NO. 5:06 CV 529 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JUDGE STEPHEN F. BELDEN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On March 8, 2006, plaintiff pro se Thomas L. Robinson filed this action under "42 U.S.C.S. 300(1)(b), Civil Rule 52-N-275, 42 U.S.C.S.-300-W-8, Civil Rule 49, N-28, 11th Amendment, and 4th Amendment Due Process" against Canton Municipal Court Judge Stephen F. Belden, Canton Municipal Court Judge John A. Poulos, Judge Ted Schneiderman, Canton Municipal Court Judge Richard J. Kubilus, Canton Municipal Court Clerk Paula George, Canton Municipal Court Clerk Randi Smuckler, Canton Municipal Court Law Director Joseph Martuccio, Canton Police Chief Thomas McKimm, Canton Police Detective Roger Croston, Phil Hayes, Canton Mayor Janet Weir, and Canton Municipal Court Prosecutor Francis Forchione. (Compl. at 1.) In the complaint, Mr. Robinson alleges he has been treated unfairly because of his race. He

seeks $54,000,139.46 in damages.  He has also filed an Application to Proceed In Forma Pauperis.  That Application is granted.

## **Background**

Mr. Robinson appears to have been the defendant in a criminal or traffic matter in the Canton Municipal Court.  The case was assigned to visiting Judge Ted Schneiderman and was set for a court proceeding on September 23, 2005.  Mr. Robinson contends that he did not receive the notices.  He alleges "Defendant(s) knew as of August 2005, pending in federal court non-delivery of mail to plaintiff's address."[1]  (Compl. at 3.)  He alleges "Defendant(s) haven't treated whites of this parlance for filing complaints against judges for violating their constitutional rights without retaliation(s)."  (Compl. at 3.)

It also appears that Mr. Robinson was having a dispute with Delbert G. Scott who is a tenant of Defendant Phil Hayes.  The nature of this dispute is not clear from the complaint.  Mr. Robinson alleges that Mr. Scott, who is not named as a defendant in this matter, has committed "at least 6 drug violations within several hundred feet of a middle school.  Not a credible source."  (Compl. at 3.)  He contends that prosecutor Francis Forchione would not accept his complaints against Phil Hayes, Delbert Scott, and others for harassment, theft and destruction of property.  He indicates, without explanation, that he was "arrested in the courthouse or prosecutor's office" apparently on the complaint of Mr. Hayes.  (Compl. at 3.)  He alleges Prosecutor Jennifer Fitzsimmons, also not a defendant in this action, "fabricat[ed] the record stating on (09-07-05),

---

[1] Mr. Robinson filed suit against three United States Postal employees alleging he had not received mail service because of a dispute concerning a "puppy/dog" located on the property of plaintiff's residence.  Robinson v. Ainsworth, Case No. 1:05 CV 2422 (N.D. Ohio filed Oct. 14, 2005).

plaintiff failed to show for court. Taped Recording has the court data. Having the plaintiff arrested yet again. Discriminatory discretion drug/users/sellers Phil Hayes nor Delbert G. Scott never appeared for the said court dates but was [sic] never arrested." (Compl. at 3.) Mr. Robinson claims he was humiliated because of his race. He states that Police Chief Thomas McKimm and Mayor Janet Weir "allowed these abuses to transpired [sic] under their jurisdiction only slandering, discriminating those blacks that speak out against establishments selling drugs from their stores for years." (Compl. at 4.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, "42 U.S.C.S. 300(1)(b), Civil Rule 52-N-275, 42 U.S.C.S.-300-W-8, Civil Rule 49, N-28 and the Eleventh Amendment" are either non-existent or are

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

irrelevant to the facts of this case. Title 42 U.S.C. § 300 authorizes the Secretary of Health and Human Services to make grants to and enter into contracts with public or nonprofit private entities to assist in the establishment and operation of voluntary family planning projects. This statute has no plausible connection to the facts asserted in this pleading. Similarly, 42 U.S.C. §300w-8 provides for a criminal action to be filed against anyone who makes a false statement to obtain payment from a state from funds obtained through a block grant. There is no suggestion of a block grant in the pleading, and even if there were, the statute does not suggest it contains a private right of action. Furthermore, there is no Civil Rule 52-N-275 or Civil Rule 49, N-28 in the Federal Rules of Civil Procedure. Federal Rule 52 concerns a judgment on partial findings of facts. Federal Rule 49 pertains to special verdicts and interrogatories. None of these Rules appears to be applicable to the facts of this case. Finally, the Eleventh Amendment dictates that a State or any of its agencies may not be sued in federal court unless it has consented to such a suit or its immunity has been properly abrogated by Congress. A private party cannot assert a cause of action under the Eleventh Amendment.

Mr. Robinson also asserts that he was denied due process. This claim, however, is stated through a series of disassociated sentences and detached words making it impossible for the court to determine the basis of this claim. Most of the defendants are not even mentioned in the body of the complaint. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d

434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Mr. Robinson does not set forth sufficient facts to satisfy federal notice pleading requirements.

## Vexatious Litigation

The court takes judicial notice of its own records in observing that this is the fifteenth frivolous lawsuit filed by Mr. Robinson in this court.[3] Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL

---

[3] See Robinson v. Purses, Case No. 5:90 MC 207; Robinson v. Garofalo, Case No. 5:90 CV 2148; Robinson v. Garofalo, Case No. 5:90 CV 2149; Robinson v. Wise, Case No. 5:91 MC 319; Robinson v. Snider, Case No. 5:91 MC 353; Robinson v. Frieg, Case No. 5:91 CV 492; Robinson v. Bernabei, Case No. 5:91 CV 556; Robinson v. Falvey, Case No. 5:91 CV 558; Robinson v. Hartzell, Case No. 5:91 CV 2395; Robinson v. Locker Moving & Storage, Case No. 5:93 CV 107; Robinson v Giavasis, Case No. 5:96 MC 396; Robinson v. Stamatakis, Case No. 5:97 MC 199; Robinson v. Chex Systems, Case No. 5:98 CV 1349; Robinson v. Ainsworth, Case No. 5:05 CV 2422.

111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[4]

Mr. Robinson has established a pattern of filing complaints in this court which are patently frivolous and vexatious, and which appear calculated to harass the defendants and abuse the judicial process. Accordingly, Thomas Robinson is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by his or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

---

[4] Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

In addition, to prevent future harassment by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Mr. Robinson prior to him obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Robinson files, unless and until leave is granted.

## **Conclusion**

Accordingly, Mr. Robinson's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). Furthermore, Mr. Robinson is enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court as set forth in the Memorandum of Opinion and Order. The court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

       IT IS SO ORDERED.


Date: May 22, 2006                 S/John R. Adams
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.